IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| | * | |
| IRIS McCLAIN, | | |
| | * | |
| Appellant, | | |
| | * | |
| v. | | Case No.: GJH-17-3397 |
| | * | |
| BANK OF NEW YORK MELLON, *et al.*, | | |
| | * | |
| Appellees. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

In this action, Appellant Iris McClain moves to vacate or reverse a previous Order dismissing her bankruptcy appeal for untimeliness. *See* ECF No. 36. A hearing on the Motion is not necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, the Motion is denied.

## I.     BACKGROUND[1]

Appellant McClain filed for Chapter 13 bankruptcy on September 12, 2016. *See* No. 16-22179 (Bankruptcy Proceeding). As relevant here, McClain moved to disallow claims filed by Appellees Bank of New York Mellon and Wells Fargo. ECF No. 48. The Bankruptcy Court denied this motion, as well as several motions for reconsideration. *See* ECF Nos. 70, 72, 74, 79, 84. McClain then appealed to this Court on November 14, 2017. ECF No. 90.

On April 30, 2018, Judge Chuang of this Court dismissed the appeal for lack of jurisdiction. No. 17-3397, ECF No. 22 (District Court Proceeding). Judge Chuang noted that the

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

first Motion to Reconsider was denied on October 27, 2017, and thus the deadline for an appeal to this Court was Friday, November 10, 2017. *Id.* at 3. Because that day was a holiday, McClain had until Monday, November 13, 2017. *Id.* However, the appeal was filed on November 14. *Id.* at 4. Judge Chuang concluded that the appeal must be dismissed for lack of jurisdiction. *Id.*

On May 8, 2018, McClain moved to vacate Judge Chuang's Order pursuant to Federal Rule of Civil Procedure 59(e), ECF No. 23, which was denied, ECF No. 26. McClain appealed, ECF No. 28, and the Fourth Circuit affirmed the dismissal on April 8, 2019, ECF No. 31.

On December 6, 2021, the Clerk of the Court filed a correspondence disclosing a conflict in the case. ECF No. 35. The Clerk noted that Judge Chuang became aware that a member of his family owned stock in Wells Fargo & Company at some point during the pendency of the action. *Id.* at 1. Though the ownership did not affect the decision in the case, "such stock ownership would have required recusal[.]" *Id.* The parties were directed to respond to the conflict disclosure and instructed that any response would be considered by another judge on this Court. *Id.*

On December 27, 2021, McClain requested vacatur or reversal of the Order pursuant to Federal Rule of Civil Procedure 60(b)(4) or (6) because "the judgment is void" or for "any other reason that justifies relief." ECF No. 36 at 3. Appellees opposed, ECF No. 37, and McClain replied, ECF No. 38.

## II.     DISCUSSION

Given Judge Chuang's determination that recusal was appropriate, this Court will directly address the appeal from the Bankruptcy Court as if it had been originally before it.

During bankruptcy proceedings, McClain filed a Motion to Disallow Claims. *See* No. 16-22179, ECF No. 48 (Bankruptcy Proceeding). The Bankruptcy Court held a hearing and denied the Motion. ECF No. 70. The Order was memorialized in a written Order and entered on the

docket on October 23, 2017. ECF No. 72. McClain's first Motion for Reconsideration was denied on October 27, 2017. ECF Nos. 68, 74. The Bankruptcy Court then denied another Motion for Reconsideration on October 31, 2017. ECF Nos. 77, 79. The third Motion for Reconsideration was denied on November 3, 2017. ECF No. 84.

McClain filed the Notice of Appeal on November 14, 2017. *See* No. 17-3397, ECF No. 1 (District Court Proceeding). Federal Rule of Bankruptcy Procedure 8002(a)(1) provides that a notice of appeal must be filed "within 14 days after entry of the judgment, order, or decree being appealed." Under Bankruptcy Rule 9023, a bankruptcy party may file a motion "for a new trial or to alter or amend a judgment[.]" Rule 9023 is governed by Federal Rule of Civil Procedure 59. *Id.* As relevant here, the time to appeal "runs for all parties from the entry of the order disposing of the last such remaining motion . . . to alter or amend the judgment under Rule 9023[.]" Fed. R. Bankr. P. 8002(b)(1)(B). However, the time to appeal a bankruptcy order may be tolled by Rule 9023 just once. *See Sartori v. Vargo*, 56 F. App'x 610, 611 (4th Cir. 2003) (noting that "a second Rule 59(e) motion will not again toll the period for noting an appeal[.]"). Thus, the time to appeal began to run when the first Motion for Reconsideration was denied.

Pursuant to Bankruptcy Rule 9006, the last day for filing ends when "the clerk's office is scheduled to close." Fed. R. Bankr. P. 9006(a)(4)(B). Local Rule 5001-2(d) further notes that "[t]he availability of the night box and after hours filing do NOT extend the 'Last Day' as defined by Federal Bankruptcy Rule 9006(a)(4), which Last Day ends for filing . . . at 4:00 p.m., when the Clerk's Offices close." Pursuant to Bankruptcy Rule 9006(a)(3), if the clerk's office is inaccessible on the last day for filing, then "the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday[.]"

The first Motion for Reconsideration was denied on October 27, 2017, so McClain had fourteen days from that date to file a notice of appeal. Fourteen days later was Friday, November 10, 2017, a federal holiday. McClain's appeal was therefore due on November 13, the next Monday. However, McClain submitted the appeal after hours, so the appeal was filed on November 14. The appeal was late.

Generally, courts in this Circuit have held that the time to appeal is jurisdictional, and an appeal must be dismissed for non-compliance with the time limits. *See, e.g.*, *Reig v. Wells Fargo Bank, N.A.*, No. 12-cv-3518-PWG, 2013 WL 3280035, at *2 (D. Md. June 26, 2013) (collecting cases). Because the appeal was untimely, the district court lacked jurisdiction, and thus dismissal is proper.[2]

### III.    CONCLUSION

For the reasons discussed, the Motion is denied. A separate Order follows.

Dated:  April    28, 2022                              /s/_____
                                                       GEORGE J. HAZEL
                                                       United States District Judge

---

[2] Additionally, the Fourth Circuit affirmed the dismissal issued by Judge Chuang. *See* ECF No. 31.